UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD RANDOLPH,

                              Plaintiff,                    DECISION AND ORDER

                                                           19-CV-6693L

              v.

P.J. MARCHE,

                              Defendant.

_____

Plaintiff Edward Randolph, appearing *pro se*, commenced this action under 42 U.S.C.

§ 1983.  Plaintiff alleges that in 2017, when he was an inmate in the custody of the New York

State Department of Community and Correctional Services ("DOCCS"), his constitutional rights

were violated in connection with a disciplinary hearing ("hearing") that took place in 2017,

while plaintiff was housed at Attica Correctional Facility.  Plaintiff has asserted a due process

claim against the hearing officer, identified in the complaint as P. J. Marche ("defendant"), who

found plaintiff guilty of the charges against him.[1]  Plaintiff also claims that his Eighth

Amendment rights were violated by virtue of the time that he spent in the Special Housing Unit

("SHU") at Attica pursuant to the sentence imposed on him by defendant.

Defendant has moved to dismiss the complaint for failure to state a claim upon which

relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff

has not responded to the motion.

---

[1] Plaintiff's claims against two other defendants, Anthony Annucci and Raymond Coveny, were dismissed by the Court on April 10, 2020.  (Dkt. #12.)

**DISCUSSION**

Before addressing defendant's arguments, I note that plaintiff's failure to respond to the motion to dismiss does not relieve the Court of its obligation to consider the merits of his claims. *See Parry v. VA Med. Ctr.*, 408 F.Supp.3d 281 (W.D.N.Y. 2019). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The Court must therefore determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). The Court will therefore address the merits of defendant's arguments.

In his complaint, plaintiff alleges that shortly after the commencement of the hearing, Marche "adjourned" the hearing, but then, without ever resuming the hearing, Marche issued a decision finding plaintiff guilty of the charges against him, and sentenced him to 60 days in SHU, which plaintiff apparently served in full. Plaintiff alleges that these acts violated his due process rights.

In support of his motion, Marche contends that plaintiff's claims are barred by collateral estoppel, which "'bars a party from raising an issue of law or fact in a second suit that the party had a 'full and fair opportunity to litigate ... in [a] prior proceeding' and where 'the decision of the issue was necessary to support a valid and final judgment on the merits' in the first action.'" *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998) (quoting *Metromedia Co. v. Fugazy*, 983 F.2d 350, 365 (2d Cir.1992)). Defendant bases that contention on a decision

of the New York State Supreme Court, Albany County (Hard, A.J.S.C.), dated May 21, 2019, dismissing an Article 78 petition brought by Randolph.[2]

In his Article 78 petition, Randolph asserted that Marche "improperly removed him from the hearing and that because of his absence he was unable to present evidence or call witnesses in his defense." (Dkt. #25-1 at 13.)  Justice Hard found that Randolph was properly removed from the hearing because he was being disruptive.  (Dkt. #25-1 at 13-14.)  She also found no impropriety in Marche's failure to call some of the witnesses identified by plaintiff, because Marche concluded that their testimony would be redundant.  *Id.* at 14.

Randolph thus presented his claim concerning Marche's conduct of the hearing to the state court, and the state court found it to be without foundation.  In her decision, Justice Hard went through the record in detail, explaining how from the very start of the hearing, Randolph behaved in an obstructive, obstreperous manner, refusing even to enter a plea, and then, when Marche warned him that he would be removed if he continued, responding, "Do it.  I wish you would."  *Id.* at 13.  She further noted that Marche did interview three of plaintiff's requested witnesses, and reasonably concluded that the testimony of the two uncalled witnesses would have been redundant.  *Id.* at 14.

New York courts, and federal courts applying New York law, generally grant preclusive effect to both factual questions and legal issues decided in Article 78 proceedings, and I do so here.  *Urena v. Winston*, No. 16-cv-9708, 2018 WL 5113954, at *5 (S.D.N.Y. Oct. 19, 2018) (citing *Kotler v. Donelli*, 528 F.App'x 10, 13 (2d Cir. 2013)).  There is an exception to that rule

---

[2] "The Court may properly take judicial notice of orders issued in Article 78 proceedings.  *See Cloister East, Inc. v. New York State Liquor Auth.*, __ F.Supp.3d __, 2021 WL 4443848, at *8 n. 101 (S.D.N.Y. 2021) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

where the party did not have a full and fair opportunity to litigate the issues, but plaintiff has

made no such showing in this case.  *See Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (party

opposing issue preclusion bears the "burden of showing that the prior action did not afford a full

and fair opportunity to litigate the issues").  I therefore conclude that plaintiff's due process

claims are barred by collateral estoppel.  *See Giakoumelos v. Coughlin*, 88 F.3d 56, 61 (2d Cir.

1996) (holding that when an inmate previously litigated a due process challenge to a prison

disciplinary hearing in New York Article 78 proceeding, the inmate is collaterally estopped from

relitigating the claims under § 1983 unless the claim is based on evidence not before the

reviewing state judge); *Urena*, 2018 WL 5113954, at *5 (inmate's claims that he was denied

access to evidence at disciplinary hearing were precluded by state court's determination); *Davis

v. Jackson*, No. 15-CV-5359, 2018 WL 358089, at *9-*10 (S.D.N.Y. Jan. 8, 2018) ("because

Defendants have established that Plaintiff's due process claims ... were decided in the respective

Article 78 hearings, and Plaintiff has not sustained his burden of establishing the lack of an

adequate opportunity to litigate in the prior proceedings, collateral estoppel applies to his due

process claims").[3]

Plaintiff also alleges that his 60-day confinement in SHU amounted to a violation of his

Eighth Amendment right to be free from cruel and unusual punishment.  Other than the fact that

he was confined in SHU, and therefore had to endure the loss of privileges that accompany such

confinement, he has not alleged any facts that would demonstrate either the objective or

subjective components of such a claim.  *See Jackson v. Heer*, 322 F.Supp.3d 406, 412

---

[3] The Court's conclusion in this regard renders it unnecessary for me to reach defendant's contention that Marche is entitled to qualified immunity.

(W.D.N.Y. 2018) (explaining the two elements in the prison context).  Although plaintiff alleges

that following his SHU confinement, his mental health declined to the point that he was

eventually transferred to a psychiatric center, where he received treatment, he has alleged no

facts indicating that Marche or anyone else in DOCCS were aware or should have been aware

that he needed such treatment at the time of the disciplinary hearing and resulting determination

of guilt.  Nor has plaintiff alleged any facts suggesting that Marche acted with a culpable state of

mind in that regard.

Finally, I note that plaintiff has moved for leave to file a second amended complaint, to

add further factual details about the personal involvement of the previously dismissed defendants

Annucci and Coveny.  Plaintiff apparently also wishes to add one or more additional defendants.

Plaintiff has not submitted a proposed second amended complaint, however, nor has he stated

what facts he would allege concerning Annucci and Coveny, or identified any other proposed

defendants.  His motion to amend is therefore denied..


## CONCLUSION

Plaintiff's motion to amend/correct the complaint (Dkt. #14) is denied.

Defendant's motion to dismiss (Dkt. #25) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 3, 2022.